UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DELBERT HARPER,     Plaintiff,

v.     Civil Action No. 3:15-cv-P98-DJH

MARK BOLTON, DIRECTOR *et al.*,     Defendants.

* * * * *

## **MEMORANDUM OPINION**

On March 4, 2016, the Court entered a Memorandum and Order (Docket Number (DN) 22) denying a motion to compel and a motion for sanctions and also entered an Order (DN 23) directing Plaintiff to file a response to Defendants' motion to dismiss/for summary judgment. On March 16, 2016, the mailing of the Orders sent to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return to Sender" and "Inmate Not in Custody" (DN 24).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Further, in the Scheduling Order (DN 12), the Court warned Plaintiff that his failure to notify the Clerk of Court of any address change may result in dismissal of this case. Over two months have passed without Plaintiff providing any notice of an address change. Therefore, neither orders from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff having failed to file a notice of change of address, the Court concludes that he has abandoned any interest in prosecuting this case, and the Court will dismiss the action by separate Order.

Date: May 31, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of record
4415.005